# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                          )
    v.                      )        ID No. 2210005359
                          )
Ammir Brewster,           )
                          )
    Defendant.              )

Submitted:  August 22, 2024
Decided:  November 15, 2024

## **ORDER**

On this 15th day of November, 2024, upon consideration of Defendant Ammir Brewster's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.      On January 3, 2024, Defendant pled guilty to (1) Possession of a Firearm During Commission of a Felony; (2) Assault in the Second Degree; (3) Reckless Endangering in the First Degree; and (4) Conspiracy in the Second Degree.[2]  On June 14, 2024, the Court sentenced Defendant to a total of five years

---

[1] D.I. 19 (the Motion).
[2] D.I. 15 (Plea Agreement)

of unsuspended time at Level V, followed by six months at Level IV, followed by 18 months at Level III.[3]

2.  On August 22, 2024, Defendant filed this Motion, in which he asked the Court to reduce his five-year Level V sentence to three years and add an appropriate amount of community service following his probationary period.[4] Defendant requests the modification because (1) he is remorseful for his actions and plans to volunteer in the community to make amends; (2) he plans to attend Delaware Technical Community College; (3) his mother, who has perennial health problems, has to pick up a job when he is in prison; and (4) he has no juvenile record and no adult criminal history.[5]

3.  When considering a motion for modification of sentence, this Court addresses any applicable procedural bars before turning to the merits.[6] This Motion is Defendant's first motion for modification of sentence, so it is not barred as a

---

[3] D.I. 18 (Sentence Order). Defendant received the following sentence: (1) Possession of a Firearm During Commission of a Felony, three years of Level V supervision with credit for 12 days served; (2) Assault in the Second Degree, two years of Level V supervision; (3) Reckless Endangering in the First Degree, one year of Level V supervision, suspended immediately for 18 months of Level III probation; and (4) Conspiracy in the Second Degree, two years of Level V supervision, suspended immediately for two years of Level IV supervision, suspended after six months for 18 months of Level III. *See id.*

[4] D.I. 19.

[5] *See id.*

[6] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).

repetitive request.[7]  It is also filed within the 90-day limit for modification of imprisonment sentence.[8]  The Motion is thus procedurally proper.

4.  Defendant's Motion nonetheless fails on the merits.  The Court properly imposed the Level V sentence after a thorough review of the crimes that Defendant committed as well as Defendant's criminal history. Although the Court recognizes the rehabilitative efforts Defendant made while incarcerated and his desire to pursue higher education, those do not provide a valid basis to modify or amend his sentence.[9]

5.  Defendant's sentence is appropriate for all the reasons stated at sentencing.  Accordingly, Defendant's Motion for Sentence Modification is hereby **DENIED**.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

Original to Prothonotary

Cc: Ammir Brewster (SBI#00991817)

---

[7] *See Gladden v. State*, 2020 WL 773290, at *2 (Del. Feb. 17, 2020) ("The Superior Court will not consider repetitive motions for sentence reduction.").

[8] Super. Ct. Crim. R. 35(b).

[9] *See State v. Weidow*, 2015 WL 1142583, at *2 (Del. Super. Mar. 11, 2015) ("However, remorse and positive behavior while incarcerated are not bas[es] to modify or reduce a sentence that was appropriate at the time of sentencing.").